

# PUEBLO OF POJOAQUE

GOVERNOR
Joseph Talachy
LIEUTENANT GOVERNOR
Jenelle Roybal
TRIBAL SECRETARY
Rafaela Sanchez
TRIBAL TREASURER
Mary Ann K. Fierro

**OFFICE OF THE GOVERNOR**
78 CITIES OF GOLD ROAD SANTA FE,
NEW MEXICO 87506
(505) 455-3334   FAX (505) 455-3684

June 2, 2017

Elisabeth A. Shumaker, Clerk
United States Court of Appeals for the Tenth Circuit
Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257

**Re: Supplemental authority for *Pueblo of Pojoaque v. New Mexico*, No. 16-2228 (10th Cir.)**

Pursuant to Fed. R. App. P. 28(j), Appellants Pueblo of Pojoaque and its Governor ("Pueblo") inform this Court of two pertinent and significant authorities that have come to the attention of the Pueblo after the May 9, 2017 oral argument in this appeal, *Pueblo of Pojoaque v. New Mexico*, No. 16-2228.

First, *Florida v. Seminole Tribe*, 181 F.3d 1237 (11th Cir. 1999), rejected an injunction sought by the State of Florida against the Seminole Tribe's non-compacted Class III gaming. Relevant here, the Eleventh Circuit noted the following:

> [I]t is clear that other fora do exist in which the State may press its claims. For example, the State can request that the United States prosecute the Tribe or its members for violating applicable state or federal gambling laws. . . . The State can also ask the National Indian Gaming Commission ("NIGC") to fine the Tribe or to close its gaming facilities. *See* 25 U.S.C. § 2713.

*Id.* at 1244. This supports the Pueblo's argument in briefing and at oral argument that the Indian Gaming Regulatory Act preempts New Mexico

from interfering with on-reservation Indian gaming when no compact is in effect. *See* Pueblo's Opening Br. at 25-29; Pueblo's Reply Br. at 11, 14-25.

Second, *Public Service Company of New Mexico v. Barboan*, 2017 WL 2296875 (10th Cir. May 26, 2017), ruled that federal law does not authorize condemnation of certain Indian trust lands. Relevant here, the Court noted:

> an important canon of construction that applies to this case. "A well-established canon of Indian law states that 'statutes are to be construed liberally in favor of the Indians, with ambiguous provisions interpreted to their benefit.'" *N.L.R.B. v. Pueblo of San Juan*, 276 F.3d 1186, 1191 (10th Cir. 2002) (quoting *Montana v. Blackfeet Tribe*, 471 U.S. 759, 766 (1985)).

*Id.* at *4. In addition to supporting the arguments noted above, this authority also supports the Pueblo's argument on page 12 of its reply brief that no specific Congressional intent is needed for preemption and that ambiguities in federal law are resolved in favor of tribal independence.

Sincerely,

Carrie Frias
Daniel Rey-Bear


*s/ Scott Crowell*
Scott Crowell

On behalf of the Pueblo of Pojoaque

cc:   counsel of record via ECF (email)

