RODEY, DICKASON, SLOAN, AKIN & ROBB, P. A.
ATTORNEYS AT LAW
201 THIRD STREET NW, SUITE 2200
ALBUQUERQUE, NEW MEXICO 87102

EDWARD RICCO
(505) 768-7314

P.O. BOX 1888
ALBUQUERQUE, NEW MEXICO 87103
WWW.RODEY.COM

ericco@rodey.com

TELEPHONE (505) 765-5900
FACSIMILE (505) 768-7395

June 6, 2017

Elisabeth A. Shumaker, Clerk
United States Court of Appeals
  for the Tenth Circuit
1823 Stout St.
Denver, CO 80257

Re:   Pueblo of Pojoaque v. New Mexico, No. 16-2228
      Response to Appellants' Fed. R. App. P. 28(j) Statement of Supplemental Authority

Dear Ms. Shumaker:

This letter responds to Appellants' citation of supplemental authority by letter dated June 2, 2017.

Florida v. Seminole Tribe, 181 F.3d 1237 (11th Cir. 1999), cannot constitute authority that has only recently come to Appellants' attention, as it was cited in Appellants' briefing in the district court (see, e.g., Aplee. Supp. App. at 43, 442), as well as in their opening brief in this Court (Aplt. Br. at 26).

In any event, the quoted language from Seminole Tribe discusses alternatives available to a state that desires to take direct action against a tribe conducting uncompacted class III gaming on its reservation and is prevented from doing so by tribal sovereign immunity. As emphasized in Appellees' arguments, New Mexico has taken no direct measures against the Pueblo. Preemption of New Mexico's regulatory authority over the state's gaming licensees outside the reservation is at issue here, not the Pueblo's sovereign immunity or its consequences.

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

Elisabeth A. Shumaker
June 6, 2017
Page 2

Public Service Co. of New Mexico v. Barboan, No. 16-2050 (10th Cir. May 26, 2017), is not a preemption case, and it adds nothing to the preemption issue that has not already been addressed in the parties' briefing and oral arguments. Notably, the Court holds that the condemnation statute at issue in Public Service Co. "does not reach tribal lands." Id., slip op. at 17.  IGRA, in contrast, reaches only tribal lands.  See Michigan v. Bay Mills Indian Cmty., 134 S. Ct. 2024, 2034 (2014).

Yours truly,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.


         *s/ Edward Ricco*
By_____
   Edward Ricco
   Krystle Thomas
Attorneys for Appellees

ER:wpc

cc: Counsel of Record (via ECF)

Elisabeth A. Shumaker
June 6, 2017
Page 3

## CERTIFICATE REGARDING DIGITAL SUBMISSIONS

1.All required privacy redactions have been made to this document and, with the exception of those redactions, this document and any other document(s) submitted in Digital Form or scanned PDF format are an exact copy of any written document(s) required to be filed with the Clerk.

2.The digital submissions have been scanned for viruses with the most recent version of a commercial virus scanning program (Symantec Endpoint Protection, version 12.1.5337.5000, last updated June 5, 2017) and, according to the program, are free of viruses.

RODEY, DICKASON, SLOAN, AKIN
& ROBB, P.A.

By__*/s/ Edward Ricco*_____
Edward Ricco